UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

INDUSTRIAL WINDOW CORP.,                        **COMPLAINT**

                 Plaintiff,

      -against-                                     Case No.

FEDERAL INSURANCE COMPANY,         **'07 CIV 10959**

                 Defendant.           **JUDGE RAKOFF**

-------------------------------------------------------------------X

Plaintiff, Industrial Window Corp. ("IWC"), by its attorneys, Welby, Brady & Greenblatt, LLP, for its Complaint alleges as follows:

## NATURE OF ACTION

1. IWC is a claimant under a certain payment bond made by defendant, Federal Insurance Company ("Federal"), as surety and Beys General Construction Corp. ("Beys"), as principal, Bond No. 8189-23-00 (the "Bond"), with regard to a construction project identified as Contract No. 20040018658 – CAPIS ID No. LM001SCHO- Schomburg Center for Research in Black Culture - General Construction – Contract for Renovations & Mechanical Equipment Upgrades – Libraries Unit Requirements Contract (the "Project").

2. On or about September 27, 2005, IWC entered into a written agreement with Beys to provide certain labor, materials and equipment associated with the windows and curtain wall work for the Project (the "Subcontract").

3. IWC has commenced this action to recover damages from Federal under the Bond in the amount of at least Two Hundred Fifty-Four Thousand, Nine Hundred Six and 95/100 ($254,906.95) Dollars with interest thereon from July 31, 2007, resulting from Beys' breach of

the contract and failure to pay for work, labor and materials provided by IWC pursuant to its contract with Beys.

**JURISDICTION AND VENUE**

4.  IWC is a corporation incorporated under the laws of the State of New York. Federal is an Indiana corporation, having a place of business at 3 Mountain View Road, Warren, New Jersey 07061. Pursuant to 28 U.S.C. §1332, this court has diversity jurisdiction over the action against Federal. The matter in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand ($75,000.00) Dollars.

5.  Pursuant to 28 U.S.C. §1391(a)(2), venue lies in the Southern District of New York because a substantial part of the events or omissions giving rise to IWC's claim occurred in this District.

**PARTIES**

6.  IWC was and is a New York corporation with offices and a principal place of business located at 515 North State Road, Briarcliff Manor, New York 10510.

7.  Upon information and belief, Federal is a foreign corporation organized and existing by virtue of the laws of the State of Indiana, with offices located at 3 Mountain View Road, Warren, New Jersey 07061.

**COUNT 1**

8.  IWC repeats and realleges each and every allegation contained in paragraphs "1" through "7" as though they were fully set forth at length herein.

9.  Upon information and belief, Hill International, Inc. ("Hill") and The City of New York, by and through its Department of Design and Construction ("DDC"), entered into a written

contract whereby Hill agreed to furnish all labor and material and perform all work required for the completion of the Project.

10. Upon information and belief, Hill and Beys entered into a written contract pursuant to which Beys agreed to furnish and install certain labor, materials and equipment required for the completion of the Project.

11. On or about May 11, 2005, Federal as surety, and Beys, as principal, signed and executed the Bond, guaranteeing prompt payment of all moneys due to all persons furnishing labor, materials, supplies or equipment used in the prosecution of construction work pursuant to the contract between Hill and Beys.

12. On or about September 27, 2005, IWC and Beys entered into a written contract, pursuant to which IWC agreed to furnish and install certain labor, materials and equipment required for the completion of the windows and curtain wall at the Project for the agreed price of $1,258,000.00, exclusive of extra and/or additional work.

13. Thereafter, at the specific request of Beys, IWC furnished certain extra and/or additional work at the Project for the agreed price and/or reasonable value of $247,190.46 so that the adjusted Subcontract price was in the amount of $1,505,190.46.

14. IWC has fully performed its obligations under the Subcontract and the Bond.

15. By virtue of the work performed by IWC pursuant to the Subcontract, there is currently due and owing to IWC the sum of at least Two Hundred Fifty-Four Thousand, Nine Hundred Six and 95/100 ($254,906.95) Dollars, together with costs and interest thereon from July 31, 2007, no part of which has been paid by either Beys or Federal, although duly demanded.

16. By reason of the foregoing, IWC has been damaged in an amount of at least Two Hundred Fifty-Four Thousand, Nine Hundred Six and 95/100 ($254,906.95) Dollars, together with costs and interest thereon from July 31, 2007.

17.     IWC also seeks attorneys' fees pursuant to State Finance Law §137 as Federal has no good faith defense to the claim asserted herein.

### JURY DEMAND

18.     Plaintiff, IWC demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE,** Industrial Window Corp. respectfully demands judgment as follows:

1.     On Count 1, judgment against the defendant, Federal Insurance Company, in the amount of at least Two Hundred Fifty-Four Thousand, Nine Hundred Six and 95/100 ($254,906.95) Dollars;

2.     attorneys' fees pursuant to State Finance Law § 137, costs and interest thereon from July 31, 2007;

3.     along with costs and such other and further relief as this court may deem just, proper and equitable.

Dated: White Plains, New York
       December 3, 2007

WELBY, BRADY & GREENBLATT, LLP

By: _____
    Anthony P. Carlucci, Jr. (AC7565)
    Attorneys for Plaintiff
    Industrial Window Corp.
    11 Martine Avenue, 15th Floor
    White Plains, New York 10606
    (914) 428-2100