UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
INDUSTRIAL WINDOW CORP.,

                Plaintiff,

-against-

FEDERAL INSURANCE COMPANY,

                Defendant.
---------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,

                Third-Party Plaintiff,

-against-

BEYS GENERAL CONSTRUCTION CORP.,

                Third-Party Defendant.
---------------------------------------------------------------X

Civ. No.: 07 CV 10959

**THIRD-PARTY COMPLAINT**

Third-party plaintiff, Federal Insurance Company (hereinafter "Federal"), by its attorneys, Milber Makris Plousadis & Seiden, LLP, as and for its third-party complaint, hereby alleges as follows:

## PARTIES

1. Federal was and is a foreign corporation organized and existing by virtue of the laws of the State of Indiana, with offices located at 3 Mountain View Road, Warren, New Jersey 07061.

2. Upon information and belief, Beys General Construction Corp. (hereinafter "Beys") was and is a New York corporation with its offices and principal place of business located at 2520 Coney Island Avenue, Brooklyn, New York 11233 and is authorized to conduct business within the State of New York.

3. Upon information and belief, at all times mentioned, third-party defendant Beys transacted business within the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, third-party defendant Beys contracted to supply services in the State of New York.

## JURISDICTION

5. This Court has ancillary jurisdiction over this third-party action.

## BACKGROUND

6. Upon information and belief, Hill International, Inc. (hereinafter "Hill") and the City of New York, by and through its Department of Design and Construction, entered into a written contract whereby Hill agreed to furnish all labor and material and perform all work required for the completion of the project known as Contract No. 20040018658 – CAPIS ID No. LM001SCHO – Schomburg Center for Research in Black Culture – General Construction – Contract for Renovations & Mechanical Equipment Upgrades – Libraries Unit Requirements Contract (hereinafter the "Project").

7. Hill and Beys subsequently entered into a written contract pursuant to which Beys agreed to furnish and install certain labor, materials and equipment required for the performance of the Project.

8. Upon information and belief, under the terms of Beys' contract with Hill, Beys was required to provide Hill with a payment bond for the Project.

9. On or about the 11th day of May, 2005, Beys, as principal, and Federal, as Surety, signed and executed a payment bond (No. 8189-23-00) in the amount of $4,569,000.00, guaranteeing prompt payment of monies due to persons supplying Beys with materials employed and used in the Project.

2

10. Prior to May 11, 2005, Beys and Federal entered into an indemnity agreement whereby Beys agreed to reimburse Federal for any and all sums paid to or on behalf of claimants under the payment bond.

11. Upon information and belief, plaintiff, Industrial Window Corp. ("IWC") and Beys entered into a written subcontract, pursuant to which IWC agreed to furnish and install certain labor, materials and equipment required for the installation of the windows and curtain wall at the Project.

12. Thereafter, IWC commenced an action against Federal on the payment bond seeking to recover $254,906.95 allegedly due as a result of IWC providing additional and/or extra labor, materials and equipment in connection with the Project.

## FIRST CLAIM FOR RELIEF BY FEDERAL AGAINST BEYS

13. Federal repeats, reiterates and realleges the allegations contained in paragraphs "1" through "12" of the Third Party Complaint as if fully set forth at length herein.

14. IWC contends in its Complaint that there is an outstanding balance of $254,906.95 due under its subcontract with Beys. (A copy of the Complaint is annexed hereto as **Exhibit "A"**).

15. Although Federal has denied the allegations of IWC (a copy of the Answer is annexed hereto as **Exhibit "B"**), in the event that there is a verdict of judgment in favor of IWC then, and in that event, Federal is entitled to contractual indemnification, including legal fees and expenses, from Beys under the terms of the indemnity agreement between the parties.

## SECOND CLAIM FOR RELIEF BY FEDERAL AGAINST BEYS

16. Federal repeats, reiterates and realleges the allegations contained in paragraphs "1" through "15" of the Third Party Complaint as if fully set forth at length herein.

17. That by reason of the allegations in the Complaint served by IWC, Federal may be exposed to liability, damages and/or a judgment due to the active and/or primary fault or negligence of Beys, the liability of Beys, if any, being passive and/or secondary and/or by operation of law only.

18. If IWC is entitled to recover damages against Federal by reason of the matters and things alleged in the Complaint, which liability is hereby expressly denied, then Federal will be entitled to common law indemnification over and against Beys because of their active carelessness, recklessness and negligence with regard to their performance of or failure to properly perform certain work, labor and/or services at the aforesaid premises, for all of any such judgment, plus expenses incurred by or on behalf of Federal in the defense of this matter, including but not limited to attorneys fees.

WHEREFORE, Defendant/Third-Party Plaintiff, Federal Insurance Company, demands judgment over and against Third-Party Defendant, Beys General Construction Corp., in an amount to be determined together with such other and further relief the Court deems just, proper and equitable.

Dated: Woodbury, New York
June 10, 2008

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

By: Joseph J. Cooke (JJC 6888)
Attorneys for Defendant
Federal Insurance Company
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
File No.: 0407-0002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

INDUSTRIAL WINDOW CORP.,

                Plaintiff,

-against-

FEDERAL INSURANCE COMPANY,

                Defendant.

----------------------------------------------------------X

**COMPLAINT**

Case No.

**'07 CIV 10959**
**JUDGE RAKOFF**

Plaintiff, Industrial Window Corp. ("IWC"), by its attorneys, Welby, Brady & Greenblatt, LLP, for its Complaint alleges as follows:

## NATURE OF ACTION

1. IWC is a claimant under a certain payment bond made by defendant, Federal Insurance Company ("Federal"), as surety and Beys General Construction Corp. ("Beys"), as principal, Bond No. 8189-23-00 (the "Bond"), with regard to a construction project identified as Contract No. 20040018658 – CAPIS ID No. LM001SCHO- Schomburg Center for Research in Black Culture - General Construction – Contract for Renovations & Mechanical Equipment Upgrades – Libraries Unit Requirements Contract (the "Project").

2. On or about September 27, 2005, IWC entered into a written agreement with Beys to provide certain labor, materials and equipment associated with the windows and curtain wall work for the Project (the "Subcontract").

3. IWC has commenced this action to recover damages from Federal under the Bond in the amount of at least Two Hundred Fifty-Four Thousand, Nine Hundred Six and 95/100 ($254,906.95) Dollars with interest thereon from July 31, 2007, resulting from Beys' breach of

the contract and failure to pay for work, labor and materials provided by IWC pursuant to its contract with Beys.

## JURISDICTION AND VENUE

4. IWC is a corporation incorporated under the laws of the State of New York. Federal is an Indiana corporation, having a place of business at 3 Mountain View Road, Warren, New Jersey 07061. Pursuant to 28 U.S.C. §1332, this court has diversity jurisdiction over the action against Federal. The matter in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand ($75,000.00) Dollars.

5. Pursuant to 28 U.S.C. §1391(a)(2), venue lies in the Southern District of New York because a substantial part of the events or omissions giving rise to IWC's claim occurred in this District.

## PARTIES

6. IWC was and is a New York corporation with offices and a principal place of business located at 515 North State Road, Briarcliff Manor, New York 10510.

7. Upon information and belief, Federal is a foreign corporation organized and existing by virtue of the laws of the State of Indiana, with offices located at 3 Mountain View Road, Warren, New Jersey 07061.

## COUNT 1

8. IWC repeats and realleges each and every allegation contained in paragraphs "1" through "7" as though they were fully set forth at length herein.

9. Upon information and belief, Hill International, Inc. ("Hill") and The City of New York, by and through its Department of Design and Construction ("DDC"), entered into a written

contract whereby Hill agreed to furnish all labor and material and perform all work required for the completion of the Project.

10. Upon information and belief, Hill and Beys entered into a written contract pursuant to which Beys agreed to furnish and install certain labor, materials and equipment required for the completion of the Project.

11. On or about May 11, 2005, Federal as surety, and Beys, as principal, signed and executed the Bond, guaranteeing prompt payment of all moneys due to all persons furnishing labor, materials, supplies or equipment used in the prosecution of construction work pursuant to the contract between Hill and Beys.

12. On or about September 27, 2005, IWC and Beys entered into a written contract, pursuant to which IWC agreed to furnish and install certain labor, materials and equipment required for the completion of the windows and curtain wall at the Project for the agreed price of $1,258,000.00, exclusive of extra and/or additional work.

13. Thereafter, at the specific request of Beys, IWC furnished certain extra and/or additional work at the Project for the agreed price and/or reasonable value of $247,190.46 so that the adjusted Subcontract price was in the amount of $1,505,190.46.

14. IWC has fully performed its obligations under the Subcontract and the Bond.

15. By virtue of the work performed by IWC pursuant to the Subcontract, there is currently due and owing to IWC the sum of at least Two Hundred Fifty-Four Thousand, Nine Hundred Six and 95/100 ($254,906.95) Dollars, together with costs and interest thereon from July 31, 2007, no part of which has been paid by either Beys or Federal, although duly demanded.

16. By reason of the foregoing, IWC has been damaged in an amount of at least Two Hundred Fifty-Four Thousand, Nine Hundred Six and 95/100 ($254,906.95) Dollars, together with costs and interest thereon from July 31, 2007.

17. IWC also seeks attorneys' fees pursuant to State Finance Law §137 as Federal has no good faith defense to the claim asserted herein.

## JURY DEMAND

18. Plaintiff, IWC demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Industrial Window Corp. respectfully demands judgment as follows:

1. On Count 1, judgment against the defendant, Federal Insurance Company, in the amount of at least Two Hundred Fifty-Four Thousand, Nine Hundred Six and 95/100 ($254,906.95) Dollars;

2. attorneys' fees pursuant to State Finance Law § 137, costs and interest thereon from July 31, 2007;

3. along with costs and such other and further relief as this court may deem just, proper and equitable.

Dated: White Plains, New York
       December 3, 2007

WELBY, BRADY & GREENBLATT, LLP

By: _____
    Anthony P. Carlucci, Jr. (AC7565)
    Attorneys for Plaintiff
    Industrial Window Corp.
    11 Martine Avenue, 15th Floor
    White Plains, New York 10606
    (914) 428-2100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
INDUSTRIAL WINDOW CORP.,

                              Plaintiff,

      -against-

FEDERAL INSURANCE COMPANY,

                              Defendant.
----------------------------------------------------------------X

Case No.: 07 CV 10959
(Rakoff, J.)

**ANSWER**

Defendant, Federal Insurance Company ("Federal"), by its attorneys, Milber Makris Plousadis & Seiden, LLP, as and for its answer to the complaint alleges, on information and belief, as follows:

1. Admits that Federal issued a payment bond (No. 8189-23-00) listing Federal as surety and Beys General Construction Corp. as principal and begs leave to refer to that bond for the terms and conditions thereof. Except as so admitted, denies each and every other allegation contained in paragraph "1" of the complaint.

2. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the complaint.

3. Denies the allegations contained in paragraph "3" of the complaint.

4. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the complaint.

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the complaint.

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint.

7. Admits the allegations contained in paragraph "7" of the complaint.

## AS AND FOR AN ANSWER TO COUNT 1

8. In response to the allegations set forth in paragraph "8" of the complaint, the undersigned defendant repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "7" of the complaint as if fully set for at length herein.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the complaint.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint.

11. Admits that Federal issued a payment bond (No. 8189-23-00) listing Federal as surety and Beys General Construction Corp. as principal and begs leave to refer to that bond for the terms and conditions thereof. Except as so admitted, denies each and every other allegation contained in paragraph "11" of the complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the complaint.

13. Denies the allegations contained in paragraph "13" of the complaint.

14. Denies the allegations contained in paragraph "14" of the complaint.

15. Denies the allegations contained in paragraph "15" of the complaint.

16. Denies the allegations contained in paragraph "16" of the complaint.

17. Denies the allegations contained in paragraph "17" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. This action is barred by the alternate dispute resolution clause incorporated into the payment bond and the underlying subcontract between plaintiff and Beys General Construction Corp.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. The complaint fails to state a cause of action upon which relief can be granted against Federal.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. Plaintiff's complaint is barred by its failure to give notice as required by State Finance Law Section 137 and/or as required by contract or bond.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred by virtue of the doctrines of laches, equitable estoppel and/or avoidable consequences.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred by virtue of the doctrines of waiver and release.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23. Plaintiff lacks standing to bring this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred by unclean hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims herein are barred by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred by plaintiff's failure to satisfy applicable conditions precedent for the payment bond and/or the underlying subcontract.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred due to plaintiff's breach of contract.

**WHEREFORE**, the defendant Federal Insurance Company demands judgment:

(A) Dismissing the complaint;

(B) Awarding it the costs and disbursements of this action; and

(C) Awarding it such other and further relief as this Court may deem just, proper and equitable.

Dated: Woodbury, New York
January 21, 2008

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

By: _____
Joseph J. Cooke, Esq. (JC 6888)
Attorneys for Defendant
Federal Insurance Company
1000 Woodbury Road, Suite 402
Woodbury, NY 11797
(516) 712-4000
File No.: C0407-0002

TO:

Anthony P. Carlucci, Esq. (AC7565)
WELBY, BRADY & GREENBLATT, LLP
Attorneys for Plaintiff
Industrial Window Corp.
11 Martine Avenue, 15th Floor
White Plains, New York 10606
(914) 428-2100