UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X     Civ. No.: 07 CV 10959
INDUSTRIAL WINDOW CORP,
                          Plaintiff,                                **FOURTH-PARTY**
                                                                    **COMPLAINT**

          -against-

FEDERAL INSURANCE COMPANY,

                          Defendant.
-------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,

                    Third-Party Plaintiff,

          -against-

BEYS GENERAL CONSTRUCTION CORP.,

                    Third-Party Defendant.
-------------------------------------------------------------X
BEYS GENERAL CONSTRUCTION CORP.,

                    Fourth-Party Plaintiff,

          -against-

HILL INTERNATIONAL, INC.,

                    Fourth-Party Defendant.
-------------------------------------------------------------X

          Fourth-party plaintiff, BEYS GENERAL CONSTRUCTION CORP. (hereinafter

"Beys"), by its attorneys, Milber Makris Plousadis & Seiden, LLP, as and for its fourth-party

complaint, hereby alleges as follows:

## **PARTIES**

          1.     Beys was and is a New York corporation with its offices and principal place of

business located at 2520 Coney Island Avenue, Brooklyn, New York 11233 and is authorized to

conduct business within the State of New York.

2.    Upon information and belief, Hill International, Inc. (hereinafter "Hill") was and is a foreign corporation organized and existing by virtue of the laws of the State of Delaware, with offices located at One Penn Plaza, Suite 3415, New York, New York 10119.

3.    Upon information and belief, at all times mentioned, fourth-party defendant Hill was and is authorized to do business within the state of New York.

4.    Upon information and belief, at all times mentioned, fourth-party defendant Hill transacted business within the State of New York.

## JURISDICTION

5.    This Court has ancillary jurisdiction over this fourth-party action.

## BACKGROUND

6.    Upon information and belief, Hill International, Inc. (hereinafter "Hill") and the City of New York, by and through its Department of Design and Construction, entered into a written contract whereby Hill agreed to furnish all labor and material and perform all work required for the completion of the project known as Contract No. 20040018658 – CAPIS ID No. LM001SCHO – Schomburg Center for Research in Black Culture – General Construction – Contract for Renovations & Mechanical Equipment Upgrades – Libraries Unit Requirements Contract (hereinafter the "Project").

7.    Hill and Beys subsequently entered into a written contract pursuant to which Beys agreed to furnish and install certain labor, materials and equipment required for the performance of the Project.

8.    Upon information and belief, under the terms of Beys' contract with Hill, Beys was required to provide Hill with a payment bond for the Project.

9.    In connection with the contract with Hill, Beys, as principal, and Defendant/Third-Party Plaintiff, Federal Insurance Company (hereinafter "Federal"), as Surety, signed and executed a payment bond, bond # 8189-23-00, in the amount of $4,569,000.00, guaranteeing prompt payment of all monies due to persons supplying Beys with materials employed and used in the Project.

10.    Plaintiff, Industrial Window Corp. ("IWC"), and Beys entered into a written subcontract, pursuant to which IWC agreed to furnish and install certain labor, materials and equipment required for the installation of stainless steel assemblies and the curtain wall system at the Project.

11.    Thereafter, IWC commenced the underlying main action against Federal on the payment bond seeking to recover $254,906.95 allegedly due as a result of IWC providing additional and/or extra labor, materials and equipment in connection with its work on the Project. (A copy of the Complaint is annexed hereto as **Exhibit "A"**).

12.    Federal answered and subsequently commenced a third-party action against Beys for contractual and common law indemnification, including legal fees and expenses, in the event that there is a verdict of judgment in favor of IWC against Federal. (A copy of the Federal Answer is annexed hereto as **Exhibit "B"** and a copy of the third-party complaint is annexed hereto as **Exhibit "C"**).

13.    Beys served an Answer in response to the third-party complaint. (A copy of the third-party answer is annexed hereto as **Exhibit "D"**).

## FIRST CLAIM FOR RELIEF BY BEYS AGAINST HILL

14.    Beys repeats, reiterates and realleges the allegations contained in paragraphs "1" through "13" as if fully set forth at length herein.

15.    If the alleged additional and/or extra work was performed by IWC in connection with the Project, it was performed solely at the direction of Hill.

16.    If the alleged additional and/or extra work was performed by IWC in connection with the Project, it was performed solely for the benefit of Hill.

17.    In the event that Federal and in turn, Beys, is found liable for the value of the additional and/or extra work claimed due by IWC, Hill is obligated under the terms of its contract to reimburse Beys for the value of that additional and/or extra work.

### SECOND CLAIM FOR RELIEF BY BEYS AGAINST HILL

18.    Beys repeats, reiterates and realleges the allegations contained in paragraphs "1" through "17" as if fully set forth at length herein.

19.    IWC contends in its Complaint that there is an outstanding balance of $254,906.95 due under its subcontract with Beys.

20.    In the event that there is a verdict of judgment in favor of IWC from Federal, and Federal obtains a verdict of judgment against Beys, then Beys is entitled to common law indemnification from Hill.

WHEREFORE, Third-Party Defendant/Fourth-Party Plaintiff, Beys General Construction Corp., demands judgment over and against Fourth-Party Defendant, Hill International Inc., in an amount to be determined together with such other and further relief that this Court deems just, proper and equitable.

Dated: Woodbury, New York
       June 11, 2008

                              MILBER MAKRIS PLOUSADIS
                              & SEIDEN, LLP


                              By Joseph J. Cooke (JJC 6888)
                              Attorneys for Defendant/Third-Party Plaintiff and
                              Third-Party Defendant/Second Third-Party Plaintiff
                              Federal Insurance Company and
                              Beys General Construction Corp.
                              1000 Woodbury Road, Suite 402
                              Woodbury, New York 11797
                              (516) 712-4000
                              File No.: 0407-0002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

INDUSTRIAL WINDOW CORP.,                           **COMPLAINT**

                              Plaintiff,

        -against-                                   Case No.

FEDERAL INSURANCE COMPANY,                  '07 CIV 10959
                                                   JUDGE RAKOFF
                              Defendant.

------------------------------------------------------------------X

        Plaintiff, Industrial Window Corp. ("IWC"), by its attorneys, Welby, Brady &
Greenblatt, LLP, for its Complaint alleges as follows:

## NATURE OF ACTION

        1.      IWC is a claimant under a certain payment bond made by defendant, Federal
Insurance Company ("Federal"), as surety and Beys General Construction Corp. ("Beys"), as
principal, Bond No. 8189-23-00 (the "Bond"), with regard to a construction project identified as
Contract No. 20040018658 – CAPIS ID No. LM001SCHO- Schomburg Center for Research in
Black Culture - General Construction – Contract for Renovations & Mechanical Equipment
Upgrades – Libraries Unit Requirements Contract (the "Project").

        2.      On or about September 27, 2005, IWC entered into a written agreement with Beys
to provide certain labor, materials and equipment associated with the windows and curtain wall
work for the Project (the "Subcontract").

        3.      IWC has commenced this action to recover damages from Federal under the Bond
in the amount of at least Two Hundred Fifty-Four Thousand, Nine Hundred Six and 95/100
($254,906.95) Dollars with interest thereon from July 31, 2007, resulting from Beys' breach of

the contract and failure to pay for work, labor and materials provided by IWC pursuant to its contract with Beys.

## JURISDICTION AND VENUE

4.    IWC is a corporation incorporated under the laws of the State of New York. Federal is an Indiana corporation, having a place of business at 3 Mountain View Road, Warren, New Jersey 07061. Pursuant to 28 U.S.C. §1332, this court has diversity jurisdiction over the action against Federal. The matter in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand ($75,000.00) Dollars.

5.    Pursuant to 28 U.S.C. §1391(a)(2), venue lies in the Southern District of New York because a substantial part of the events or omissions giving rise to IWC's claim occurred in this District.

## PARTIES

6.    IWC was and is a New York corporation with offices and a principal place of business located at 515 North State Road, Briarcliff Manor, New York 10510.

7.    Upon information and belief, Federal is a foreign corporation organized and existing by virtue of the laws of the State of Indiana, with offices located at 3 Mountain View Road, Warren, New Jersey 07061.

## COUNT 1

8.    IWC repeats and realleges each and every allegation contained in paragraphs "1" through "7" as though they were fully set forth at length herein.

9.    Upon information and belief, Hill International, Inc. ("Hill") and The City of New York, by and through its Department of Design and Construction ("DDC"), entered into a written

contract whereby Hill agreed to furnish all labor and material and perform all work required for the completion of the Project.

10.    Upon information and belief, Hill and Beys entered into a written contract pursuant to which Beys agreed to furnish and install certain labor, materials and equipment required for the completion of the Project.

11.    On or about May 11, 2005, Federal as surety, and Beys, as principal, signed and executed the Bond, guaranteeing prompt payment of all moneys due to all persons furnishing labor, materials, supplies or equipment used in the prosecution of construction work pursuant to the contract between Hill and Beys.

12.    On or about September 27, 2005, IWC and Beys entered into a written contract, pursuant to which IWC agreed to furnish and install certain labor, materials and equipment required for the completion of the windows and curtain wall at the Project for the agreed price of $1,258,000.00, exclusive of extra and/or additional work.

13.    Thereafter, at the specific request of Beys, IWC furnished certain extra and/or additional work at the Project for the agreed price and/or reasonable value of $247,190.46 so that the adjusted Subcontract price was in the amount of $1,505,190.46.

14.    IWC has fully performed its obligations under the Subcontract and the Bond.

15.    By virtue of the work performed by IWC pursuant to the Subcontract, there is currently due and owing to IWC the sum of at least Two Hundred Fifty-Four Thousand, Nine Hundred Six and 95/100 ($254,906.95) Dollars, together with costs and interest thereon from July 31, 2007, no part of which has been paid by either Beys or Federal, although duly demanded.

16.    By reason of the foregoing, IWC has been damaged in an amount of at least Two Hundred Fifty-Four Thousand, Nine Hundred Six and 95/100 ($254,906.95) Dollars, together with costs and interest thereon from July 31, 2007.

17.    IWC also seeks attorneys' fees pursuant to State Finance Law §137 as Federal has no good faith defense to the claim asserted herein.

## JURY DEMAND

18.    Plaintiff, IWC demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE,** Industrial Window Corp. respectfully demands judgment as follows:

1.    On Count 1, judgment against the defendant, Federal Insurance Company, in the amount of at least Two Hundred Fifty-Four Thousand, Nine Hundred Six and 95/100 ($254,906.95) Dollars;

2.    attorneys' fees pursuant to State Finance Law § 137, costs and interest thereon from July 31, 2007;

3.    along with costs and such other and further relief as this court may deem just, proper and equitable.

Dated: White Plains, New York
           December 3, 2007

WELBY, BRADY & GREENBLATT, LLP

By: _____
           Anthony P. Carlucci, Jr. (AC7565)
           Attorneys for Plaintiff
           Industrial Window Corp.
           11 Martine Avenue, 15th Floor
           White Plains, New York 10606
           (914) 428-2100

-4-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

INDUSTRIAL WINDOW CORP.,

Case No.: 07 CV 10959
(Rakoff, J.)

Plaintiff,

-against-

FEDERAL INSURANCE COMPANY,

**ANSWER**

Defendant.

-------------------------------------------------------------------X

Defendant, Federal Insurance Company ("Federal"), by its attorneys, Milber Makris Plousadis & Seiden, LLP, as and for its answer to the complaint alleges, on information and belief, as follows:

1.     Admits that Federal issued a payment bond (No. 8189-23-00) listing Federal as surety and Beys General Construction Corp. as principal and begs leave to refer to that bond for the terms and conditions thereof.  Except as so admitted, denies each and every other allegation contained in paragraph "1" of the complaint.

2.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the complaint.

3.     Denies the allegations contained in paragraph "3" of the complaint.

4.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the complaint.

5.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the complaint.

6.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint.

7.     Admits the allegations contained in paragraph "7" of the complaint.

## <u>AS AND FOR AN ANSWER TO COUNT 1</u>

8.    In response to the allegations set forth in paragraph "8" of the complaint, the undersigned defendant repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "7" of the complaint as if fully set for at length herein.

9.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the complaint.

10.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint.

11.    Admits that Federal issued a payment bond (No. 8189-23-00) listing Federal as surety and Beys General Construction Corp. as principal and begs leave to refer to that bond for the terms and conditions thereof.  Except as so admitted, denies each and every other allegation contained in paragraph "11" of the complaint.

12.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the complaint.

13.    Denies the allegations contained in paragraph "13" of the complaint.

14.    Denies the allegations contained in paragraph "14" of the complaint.

15.    Denies the allegations contained in paragraph "15" of the complaint.

16.    Denies the allegations contained in paragraph "16" of the complaint.

17.    Denies the allegations contained in paragraph "17" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18.    This action is barred by the alternate dispute resolution clause incorporated into the payment bond and the underlying subcontract between plaintiff and Beys General Construction Corp.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19.    The complaint fails to state a cause of action upon which relief can be granted against Federal.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.    Plaintiff's complaint is barred by its failure to give notice as required by State Finance Law Section 137 and/or as required by contract or bond.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21.    Plaintiff's claims are barred by virtue of the doctrines of laches, equitable estoppel and/or avoidable consequences.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.    Plaintiff's claims are barred by virtue of the doctrines of waiver and release.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.    Plaintiff lacks standing to bring this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24.    Plaintiff's claims are barred by unclean hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25.    Plaintiff's claims herein are barred by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are barred by plaintiff's failure to satisfy applicable conditions precedent for the payment bond and/or the underlying subcontract.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred due to plaintiff's breach of contract.

**WHEREFORE**, the defendant Federal Insurance Company demands judgment:

(A)     Dismissing the complaint;

(B)     Awarding it the costs and disbursements of this action; and

(C)     Awarding it such other and further relief as this Court may deem just, proper and equitable.

Dated: Woodbury, New York
        January 21, 2008

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

By: _____
    Joseph J. Cooke, Esq. (JC 6888)
    Attorneys for Defendant
    Federal Insurance Company
    1000 Woodbury Road, Suite 402
    Woodbury, NY 11797
    (516) 712-4000
    File No.: C0407-0002

TO:

Anthony P. Carlucci, Esq. (AC7565)
WELBY, BRADY & GREENBLATT, LLP
Attorneys for Plaintiff
Industrial Window Corp.
11 Martine Avenue, 15th Floor
White Plains, New York 10606
(914) 428-2100

AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Southern _____    District of _____ New York _____

PLAINTIFF

**Industrial Window Corp.**

V. DEFENDANT AND THIRD PARTY PLAINTIFF

**Federal Insurance Company**

### THIRD PARTY SUMMONS IN A CIVIL ACTION

Case Number: **07 CV 10959**

V. THIRD PARTY DEFENDANT

**Beys General Construction Corp.**

To: Name and address of Third Party Defendant

**Beys General Construction Corp.
2520 Coney Island Avenue
Brooklyn, New York 11223**

### YOU ARE HEREBY SUMMONED and required to serve on

PLAINTIFF'S ATTORNEY (name and address)

**Anthony Carlucci, Esq.
11 Martine Avenue, 15th Floor
White Plains, NY 10606**

DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address)

**Joseph J. Cooke, Esq.
Milber Makris Plousadis & Seiden, LLP
1000 Woodbury Road, Suite 402
Woodbury, New York 11797**

an answer to the third-party complaint which is served on you with this summons, within  __20__  days after the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                                                              DATE

_____
(By) DEPUTY CLERK

℀AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me(1) | |
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant.  Place where served:

☐ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                   Date                *Signature of Server*

                              _____
                               *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X    Civ. No.:  07 CV 10959
INDUSTRIAL WINDOW CORP,
                                Plaintiff,

                -against-                                              **THIRD-PARTY**
                                                                                      **COMPLAINT**

FEDERAL INSURANCE COMPANY,

                                Defendant.
-----------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,

                       Third-Party Plaintiff,

                -against-

BEYS GENERAL CONSTRUCTION CORP.,

                       Third-Party Defendant.
-----------------------------------------------------------------X

Third-party plaintiff, Federal Insurance Company (hereinafter "Federal"), by its attorneys, Milber Makris Plousadis & Seiden, LLP, as and for its third-party complaint, hereby alleges as follows:

## PARTIES

1.      Federal was and is a foreign corporation organized and existing by virtue of the laws of the State of Indiana, with offices located at 3 Mountain View Road, Warren, New Jersey 07061.

2.      Upon information and belief, Beys General Construction Corp. (hereinafter "Beys") was and is a New York corporation with its offices and principal place of business located at 2520 Coney Island Avenue, Brooklyn, New York 11233 and is authorized to conduct business within the State of New York.

3.    Upon information and belief, at all times mentioned, third-party defendant Beys transacted business within the State of New York.

4.    Upon information and belief, at all times hereinafter mentioned, third-party defendant Beys contracted to supply services in the State of New York.

## JURISDICTION

5.    This Court has ancillary jurisdiction over this third-party action.

## BACKGROUND

6.    Upon information and belief, Hill International, Inc. (hereinafter "Hill") and the City of New York, by and through its Department of Design and Construction, entered into a written contract whereby Hill agreed to furnish all labor and material and perform all work required for the completion of the project known as Contract No. 20040018658 – CAPIS ID No. LM001SCHO – Schomburg Center for Research in Black Culture – General Construction – Contract for Renovations & Mechanical Equipment Upgrades – Libraries Unit Requirements Contract (hereinafter the "Project").

7.    Hill and Beys subsequently entered into a written contract pursuant to which Beys agreed to furnish and install certain labor, materials and equipment required for the performance of the Project.

8.    Upon information and belief, under the terms of Beys' contract with Hill, Beys was required to provide Hill with a payment bond for the Project.

9.    On or about the 11th day of May, 2005, Beys, as principal, and Federal, as Surety, signed and executed a payment bond (No. 8189-23-00) in the amount of $4,569,000.00, guaranteeing prompt payment of monies due to persons supplying Beys with materials employed and used in the Project.

10. Prior to May 11, 2005, Beys and Federal entered into an indemnity agreement whereby Beys agreed to reimburse Federal for any and all sums paid to or on behalf of claimants under the payment bond.

11. Upon information and belief, plaintiff, Industrial Window Corp. ("IWC") and Beys entered into a written subcontract, pursuant to which IWC agreed to furnish and install certain labor, materials and equipment required for the installation of the windows and curtain wall at the Project.

12. Thereafter, IWC commenced an action against Federal on the payment bond seeking to recover $254,906.95 allegedly due as a result of IWC providing additional and/or extra labor, materials and equipment in connection with the Project.

## FIRST CLAIM FOR RELIEF BY FEDERAL AGAINST BEYS

13. Federal repeats, reiterates and realleges the allegations contained in paragraphs "1" through "12" of the Third Party Complaint as if fully set forth at length herein.

14. IWC contends in its Complaint that there is an outstanding balance of $254,906.95 due under its subcontract with Beys. (A copy of the Complaint is annexed hereto as **Exhibit "A"**).

15. Although Federal has denied the allegations of IWC (a copy of the Answer is annexed hereto as **Exhibit "B"**), in the event that there is a verdict of judgment in favor of IWC then, and in that event, Federal is entitled to contractual indemnification, including legal fees and expenses, from Beys under the terms of the indemnity agreement between the parties.

## SECOND CLAIM FOR RELIEF BY FEDERAL AGAINST BEYS

16. Federal repeats, reiterates and realleges the allegations contained in paragraphs "1" through "15" of the Third Party Complaint as if fully set forth at length herein.

17.    That by reason of the allegations in the Complaint served by IWC, Federal may be exposed to liability, damages and/or a judgment due to the active and/or primary fault or negligence of Beys, the liability of Beys, if any, being passive and/or secondary and/or by operation of law only.

18.    If IWC is entitled to recover damages against Federal by reason of the matters and things alleged in the Complaint, which liability is hereby expressly denied, then Federal will be entitled to common law indemnification over and against Beys because of their active carelessness, recklessness and negligence with regard to their performance of or failure to properly perform certain work, labor and/or services at the aforesaid premises, for all of any such judgment, plus expenses incurred by or on behalf of Federal in the defense of this matter, including but not limited to attorneys fees.

WHEREFORE, Defendant/Third-Party Plaintiff, Federal Insurance Company, demands judgment over and against Third-Party Defendant, Beys General Construction Corp., in an amount to be determined together with such other and further relief the Court deems just, proper and equitable.

Dated: Woodbury, New York
        June 10, 2008

                            MILBER MAKRIS PLOUSADIS
                            & SEIDEN, LLP


                            By: Joseph J. Cooke (JJC 6888)
                            Attorneys for Defendant
                            Federal Insurance Company
                            1000 Woodbury Road, Suite 402
                            Woodbury, New York 11797
                            (516) 712-4000
                            File No.: 0407-0002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X    Civ. No.:  07 CV 10959
INDUSTRIAL WINDOW CORP,

                        Plaintiff,    **ANSWER TO THIRD-PARTY**
**COMPLAINT**

      -against-

FEDERAL INSURANCE COMPANY,

                        Defendant.
-------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,

                    Third-Party Plaintiff,

      -against-

BEYS GENERAL CONSTRUCTION CORP.,

                   Third-Party Defendant.
-------------------------------------------------------------X

       Third-Party Defendant, Beys General Construction Corp. ("Beys"), by its attorneys, Milber Makris Plousadis & Seiden, LLP, as and for its Answer to the Third-Party Complaint, alleges the following upon information and belief:

       1.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Third-Party Complaint.

       2.     Admits the allegations contained in paragraph "2" of the Third-Party Complaint.

       3.     Admits the allegations contained in paragraph "3" of the Third-Party Complaint.

       4.     Admits the allegations contained in paragraph "4" of the Third-Party Complaint.

       5.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

       6.     Admits the allegations contained in paragraph "6" of the Third-Party Complaint.

7.     Admits the allegations contained in paragraph "7" of the Third-Party Complaint.

8.     Admits the allegations contained in paragraph "8" of the Third-Party Complaint.

9.     Admits the allegations contained in paragraph "9" of the Third-Party Complaint.

10.     Admits the allegations contained in paragraph "10" of the Third-Party Complaint.

11.     Admits in response to Paragraph "11" of the Third-Party Complaint that Beys entered into a subcontract agreement with Industrial Window Corp. ("IWC") and begs leave to refer to that subcontract for the true content and meaning thereof.

12.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

### AS AND FOR A RESPONSE TO THE FIRST CLAIM

13.     Third-Party Defendant repeats and realleges each response to the allegations contained in paragraphs "1" through "12" of the Third-Party Complaint, as if fully set forth at length herein.

14.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Third-Party Complaint.

15.     Admits the allegations contained in paragraph "15" of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO THE SECOND CLAIM

16.     Third-Party Defendant repeats and realleges each response to the allegations contained in paragraphs "1" through "15" of the Third-Party Complaint, as if fully set forth at length herein.

17.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Third-Party Complaint.

18.     Admits the allegations contained in paragraph "18" of the Complaint.

Dated: Woodbury, New York
     June 11, 2008

                           MILBER MAKRIS PLOUSADIS
                           & SEIDEN, LLP

                           By: Joseph J. Cooke (JJC 6888)
                           Attorneys for Third-Party Defendant
                           Beys General Construction Corp.
                           1000 Woodbury Road, Suite 402
                           Woodbury, New York 11797
                           (516) 712-4000
                           File No.: 0407-0002