UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
INDUSTRIAL WINDOW CORP.,                              Civ. No.: 07 CV 10959

                    Plaintiff,

      - against -                                    **ANSWER TO**
                                                                   **FOURTH-PARTY**
FEDERAL INSURANCE COMPANY                            **COMPLAINT**

                    Defendant.
-------------------------------------------------------------------x
FEDERAL INSURANCE COMPANY

                    Third-Party Plaintiff,

      - against -

BEYS GENERAL CONSTRUCTION CORP.,

                    Third-Party Defendant.
-------------------------------------------------------------------x
BEYS GENERAL CONSTRUCTION CORP.,

                    Fourth-Party Plaintiff,

      - against -

HILL INTERNATIONAL, INC.

                    Fourth-Party Defendant.
-------------------------------------------------------------------x

       Fourth-Party Defendant, HILL INTERNATIONAL, INC., ("HILL"), respectfully alleges the following, by its attorneys, LePatner & Associates LLP, as and for its Answer to the Fourth-Party Complaint (the "Fourth-Party Complaint"):

       1.    Fourth-Party Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Fourth-Party Complaint.

2. Fourth-Party Defendant denies each and every allegation contained in paragraph "2" of the Fourth-Party Complaint, except admits that Hill is a Delaware Corporation with its principle office in Marlton, New Jersey.

3. Fourth-Party Defendant admits the allegations contained in paragraph "3" of the Fourth-Party Complaint.

4. Fourth-Party Defendant admits the allegations contained in paragraph "4" of the Fourth-Party Complaint.

## JURISDICTION

5. Fourth-Party Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Fourth-Party Complaint and respectfully refers all questions of law to the Court for judicial determination.

## BACKGROUND

6. Fourth-Party Defendant denies each and every allegation contained in paragraph "6" of the Fourth-Party Complaint, except admits that Hill entered into an agreement with the New York City Department of Design and Construction ("DDC") (the "DDC/Hill Agreement"), and respectfully refers the Court to the DDC/Hill Agreement for an accurate and in context recitation of its contents.

7. Fourth-Party Defendant denies each and every allegation contained in paragraph "7" of the Fourth-Party Complaint in the form alleged, except admits that Hill entered into an agreement with the Beys General Construction Corp. ("Beys") (the "Hill/Beys Agreement"), and respectfully refers the Court to the Hill/Beys Agreement for an accurate and in context recitation of its contents.

8. Fourth-Party Defendant admits the allegations contained in paragraph "8" of the Fourth-Party Complaint.

9. Fourth-Party Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Fourth-Party Complaint.

10. Fourth-Party Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Fourth-Party Complaint.

11. Fourth-Party Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Fourth-Party Complaint and respectfully refers the Court to Exhibit "A" of the Fourth-Party Complaint for an accurate and in context recitation of its contents.

12. Fourth-Party Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Fourth-Party Complaint and respectfully refers the Court to Exhibits "B," and "C" of the Fourth-Party Complaint for an accurate and in context recitation of their contents.

13. Fourth-Party Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Fourth-Party Complaint and respectfully refers the Court to Exhibit "D" of the Fourth-Party Complaint for an accurate and in context recitation of its contents.

**FIRST CLAIM FOR RELIEF BY BEYS AGAINST HILL**

14. Fourth-Party Defendant repeats and realleges their responses "1" through "13" of this Answer as though fully set forth at length herein.

15. Fourth-Party Defendant denies each and every allegation contained in paragraph "15" of the Fourth-Party Complaint.

16. Fourth-Party Defendant denies each and every allegation contained in paragraph "16" of the Fourth-Party Complaint.

17. Fourth-Party Defendant denies each and every allegation contained in paragraph "16" of the Fourth-Party Complaint.

### SECOND CLAIM FOR RELIEF BY BEYS AGAINST HILL

18. Fourth-Party Defendant repeats and realleges their responses "1" through "17" of this Answer as though fully set forth at length herein.

19. Fourth-Party Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the Fourth-Party Complaint and respectfully refers the Court to Exhibit "A" of the Fourth-Party Complaint for an accurate and in context recitation of its contents.

20. Fourth-Party Defendant denies each and every allegation contained in paragraph "20" of the Fourth-Party Complaint.

### As and For a First Affirmative Defense

21. The Fourth-Party Complaint fails to state a cause of action for which relief may be granted.

### As and For a Second Affirmative Defense

22. Plaintiff failed to comply with the terms of the September 27, 2005 subcontract entered into between Beys and IWC the ("Beys/IWC Subcontract").

### As and For a Third Affirmative Defense

23. The work, labor and services allegedly supplied on the project known as Contract No. 20040018658 – CAPIS ID No. LM001SCHO- Schomburg Center for Research in Black Culture – General Construction – Contract for Renovations & Mechanical Equipment Upgrades

– Libraries Unit Requirements Contract (herein after "Project") by Fourth-Party Plaintiff and/or Plaintiff (hereinafter collectively "Subcontractor Plaintiffs"), failed to conform to the requirements of the DDC/Hill Contract, the Hill/Beys Contract and/or Beys/IWC Contract (hereinafter collectively referred to as the "Contract Documents").

### As and For a Fourth Affirmative Defense

24. Fourth-Party Plaintiff, Third-Party Plaintiff and/or Plaintiff (hereinafter collectively the "Plaintiff Parties") failed to mitigate their damages.

### As and For a Fifth Affirmative Defense

25. Subcontractor Plaintiffs work, labor and services was performed in a defective and negligent manner.

### As and For a Sixth Affirmative Defense

26. The Fourth-Party Complaint fails to state a cause of action for contractual indemnification.

### As and For a Seventh Affirmative Defense

27. The individual Plaintiff Parties have failed to exhaust their remedies available to each under the terms of the Contract Documents.

### As and For a Eighth Affirmative Defense

28. Fourth-Party Plaintiff's dispute is subject to alternate dispute resolution as identified in Contract Documents.

### As and For a Ninth Affirmative Defense

29. Any damages sustained by Plaintiff Parties, which Fourth-Party Defendant denies, were caused by the actions of Plaintiff Parties and/or their agents and employees, and Plaintiff Parties should not be compensated therefore.

### As and For a Tenth Affirmative Defense

30. Any damages sustained by Fourth-Party Plaintiff, which Fourth-Party Defendant denies, were caused by the acts, errors or omissions of Fourth-Party Plaintiff's subcontractors for the Project.

### As and For a Eleventh Affirmative Defense

31. Subcontractor Plaintiffs' claims should be offset by any sums of money paid or to be paid by Fourth-Party Defendant to other persons and entities as a result of Subcontractor Plaintiffs' defective and negligent work, labor and services.

### As and For a Twelfth Affirmative Defense

32. The Plaintiff Parties' claims should be offset by any sums of money paid or to be paid to Plaintiff Parties by Fourth-Party Defendant and/or DDC on account of the Project.

### As and For a Thirteenth Affirmative Defense

33. Fourth-Party Defendant at all times properly received, handled and disbursed or deposited all sums received by it in connection with the Project.

### As and For a Fourteenth Affirmative Defense

34. Plaintiff Parties failed to name necessary parties as defendants in this lawsuit and, as a result thereof, the Fourth-Party Complaint should be dismissed.

### As and For a Fifteenth Affirmative Defense

35. Fourth-Party Plaintiff's Complaint is barred by the alternate dispute resolution clause incorporated into the DDC/Hill Contract and/or the Hill/Beys Contract.

### As and For a Sixteenth Affirmative Defense

36. The Fourth-Party Complaint fails to state a cause of action for common law indemnification.

### As and For a Seventeenth Affirmative Defense

37. Plaintiff Parties' lack standing to bring this action.

### As and For a Eighteenth Affirmative Defense

38. Plaintiff Parties' claims are barred by the doctrine of unclean hands.

### As and For a Nineteenth Affirmative Defense

39. Plaintiff Parties' claims are barred by the applicable statute of limitations.

### As and For a Twentieth Affirmative Defense

40. Plaintiff Parties' claims are barred due to Plaintiff Parties' failure to adhere to the terms of the Contract Documents and Plaintiff Parties' breach of contract.

### As and For a Twenty-First Affirmative Defense

41. The Fourth-Party Complaint is barred by the doctrines of waiver, laches, unclean hands and/or estoppel.

### As and For a Twenty-Second Affirmative Defense

42. The Fourth-Party Plaintiff failed to comply with the terms of the Hill/Beys Contract.

### As and For a Twenty-Third Affirmative Defense

43. Subcontractor Plaintiffs' respective Complaints must be dismissed for breach of contract.

### As and For a Twenty-Fourth Affirmative Defense

44. Fourth-Party Plaintiff's claims are barred as the Beys/IWC Subcontract failed to comply with the necessary subcontract requirements as articulated in Article 10 of the DDC/Hill Contract.

### As and For a Twenty-Fifth Affirmative Defense

45. The Fourth-Party Complaint is barred by the doctrine of judicial estoppel.

### As and For a Twenty-Sixth Affirmative Defense

46. The Fourth-Party Plaintiff's claims are barred as Fourth-Party Plaintiff failed to pay, and currently owes Plaintiff a balance allegedly due, pursuant to the Beys/IWC Subcontract.

### As and For a Twenty-Seventh Affirmative Defense

47. The Subcontractor Plaintiffs' claims are barred as the Subcontract Plaintiffs have failed to comply with the change order requirements articulated in Articles 10 and 11 of the DDC/Hill Contract.

### As and For a Twenty-Eighth Affirmative Defense

48. Plaintiff's Complaint is barred by the alternate dispute resolution clause incorporated into the Contract Documents.

### As and For a Twenty-Ninth Affirmative Defense

49. The Subcontractor Plaintiffs' claims are barred pursuant to Article 26 of the DDC/Hill Contract.

**WHEREFORE,** Fourth-Party Defendant Hill International, Inc. demands judgment in its favor as follows:

(A)    Dismissing Fourth-Party Plaintiff's Fourth-Party Complaint in its entirety;

(B)    Awarding it the cots and disbursements of this action; and

(B)    Such other, further and different relief as the Court may deem just and proper together with the costs and disbursements of this action.

Dated:  New York, New York
August 4, 2008

LePatner & Associates LLP
Attorneys for Fourth-Party
Defendant Hill International, Inc.
600 Lexington Avenue, 21st Floor
New York, New York 10022
(212) 935-4400

By: _____
Ronald B. Feingold, Esq. (RBF 6315)

To:    Milber Makris Plousadis &
Seiden, LLP
Attorneys for Fourth-Party Plaintiff
Beys General Construction Corp.
1000 Woodbury Road, Suit 402
Woodbury, New York 11797
(516) 712-4000

Milber Makris Plousadis &
Seiden, LLP
Attorneys for Defendant
and Third-Party Plaintiff
Federal Insurance Company
1000 Woodbury Road, Suit 402
Woodbury, New York 11797
(516) 712-4000

Welby, Brady & Greenblatt, LLP
Attorneys for Plaintiff
Industrial Window Corp.
11 Martine Avenue, 15th Floor
White Plains, New York 10606
(914) 428-2100