UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
INDUSTRIAL WINDOW CORP.,                                      Civ. No.: 07 CV 10959

        Plaintiff,

  - against -                                              **STIPULATION**

FEDERAL INSURANCE COMPANY

        Defendant.
-------------------------------------------------------x
FEDERAL INSURANCE COMPANY

        Third-Party Plaintiff,

  - against -

BEYS GENERAL CONSTRUCTION CORP.,

        Third-Party Defendant.
-------------------------------------------------------x
BEYS GENERAL CONSTRUCTION CORP.,

        Fourth-Party Plaintiff,

  - against -

HILL INTERNATIONAL, INC.

        Fourth-Party Defendant.
-------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-18-08
```

    IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties herein, as follows:

**RECITALS:**

    A.    Fourth-Party Defendant HILL INTERNATIONAL, INC.'s ("Hill") has asserted in its answer, and foresees that it will hereafter assert, in a motion for summary judgment, or in a

{00061274.DOC;1}

Aug-14-08  16:20  From-Wilber Makris Plousadis & Selden, LLP   5167124013   T-034  P.003/005  F-814

motion for dismissal of the Fourth-Party Complaint in whole or in part, that Fourth-Party Plaintiff, BEYS GENERAL CONSTRUCTION CORP. ("Beys") may not maintain its action against Hill based upon Hill's contention that dispute-resolution provisions in the contract documents between Hill and Beys, and in particular requirements that such disputes be resolved via alternate dispute resolution procedures, preclude Beys from pursuing a plenary action ("Alternate Dispute Resolution Defenses").

B. Due to ~~time constraints established on August 5, 2008 by Judge Rakoff for the completion of discovery,~~ the parties' mutual wish not to have to litigate, at present, the merits of Hill's Alternate Dispute Resolution Defenses; and Hill's expressed concern that, absent the present stipulation, Hill might be forced either to make a motion at once to test the merits of its Alternative Dispute Resolution Defenses, or be deemed to have waived them;



NOW, THEREFORE, ALL OF THE PARTIES HEREBY AGREE AS FOLLOWS:

1. Each of Beys, its surety Federal Insurance Company ("Federal") and plaintiff Industrial Window Corp. ("IWC") consents and agrees that Hill may participate fully in any and all pretrial discovery permitted under the Federal Rules of Civil Procedure, and/or as directed by the Court, and agrees further not to assert that such participation constitutes or evidences a waiver of any rights as Hill may have to assert the Alternate Dispute Resolution Defenses, as a complete or partial defense to the Fourth-Party Action.

2. Neither the fact that the parties have entered into this stipulation, nor anything contained herein, shall be construed as an admission by any of Beys, Federal, or IWC in respect of the validity or the merits of the Alternate Dispute Resolution Defenses generally, or as an admission of any facts whatsoever, except as expressly set forth herein.

{00061274.DOC;1}                                2

Aug-14-08   16:30   From-Wilber Makris Plousadis & Selden, LLP    5167124013        T-034   P.004/005  F-814

3. Nothing herein shall be construed as limiting Hill from asserting any other or different arguments, defenses, or objections as it may be advised to assert, whether at the trial of the action, or in a motion for dismissal or for summary judgment.

4. With the exception of any arguments based upon Hill's having participated in, or hereafter participating in, discovery proceedings in this action, nothing herein shall be construed as limiting any party from asserting any other or different argument(s) or issue(s) whatsoever, in opposition to any motion by Hill as may hereafter be presented, including but not limited to a motion based upon the Alternative Dispute Resolution Defenses. This Stipulation shall in no way preclude or limit any party from making any cross-motion they deem appropriate in response to any motion subsequently filed by Hill.

5. If Federal and/or Beys shall hereafter take any further proceedings (including but not limited to an appeal, or a motion to reargue) contesting the correctness of the Court's denial of Federal's motion heretofore mad for summary judgment against IWC, each of Federal and Beys consents and agrees that neither the fact of the parties' having entered into this stipulation, nor anything contained herein, shall be asserted by them, their successors and assigns, in support of any appeal, motion for reargument or other proceeding contesting the correctness of such decision.

6. The parties agree to submit this stipulation to the Court to be "So Ordered".

{00061274.DOC;1}                                    3

7.  IT IS FURTHER STIPULATED AND AGREED, that the undersigned attorneys for the parties agree that this Stipulation may be executed in counterpart, and facsimile signatures shall be treated as originals.

LePatner & Associates LLP
Attorneys for HILL INTERNATIONAL, INC.

By: _____
    Ronald B. Feingold, Esq.

600 Lexington Avenue, 21st Floor
New York, New York 10022
(212) 935-4400

Milber Makris Plousadis & Seiden, LLP
Attorneys for Third Party-Plaintiff FEDERAL INSURANCE COMPANY and
Attorneys for BEYS GENERAL CONSTRUCTION CORP.

By: _____
    Joseph Cooke, Esq.

1000 Woodbury Road, Suit 402
Woodbury, New York 11797
(516) 712-4000

Welby, Brady & Greenblatt, LLP
Attorneys for Plaintiff INDUSTRIAL WINDOW CORP.

By: _____
    Anthony P. Carlucci, Jr.
    Geoffrey S. Pope
11 Martine Avenue, 15th Floor
White Plains, New York 10606
(914) 428-2100

*Although the Court has excised one clause on page two because it is not an accurate basis for the Stipulation, the Stipulation is otherwise approved.*

SO ORDERED  USDJ
8-15-08

{00061274.DOC;1}                              4